IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>    Respondent. | No. 2:23-CV-2845-DAD-DMC-P<br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the Court is Respondent's motion to dismiss, ECF No. 9.  Petitioner has not filed an opposition.

**I. BACKGROUND**

Petitioner was convicted in the Sacramento County Superior Court in 1992 and is now challenging the 1992 sentence on the basis that it was enhanced by an unconstitutional conviction.  See ECF No. 1.  Taking judicial notice of the Court files in the prior cases, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967), this Court observes Petitioner has filed previous federal habeas actions challenging this sentence.[1]  See ECF No. 9, pg. 2.  However, Petitioner was discharged from the sentence he received in his 1992 conviction long before this

---

[1] 2:16-cv-0412-KJM-CMK-P and 2:18-cv-01773-KJM-DB-P.

1

action and his previous petitions were filed.  Therefore, his two previous habeas petitions were dismissed by the court because Petitioner was not "in custody."  See id.

This action proceeds on the petition filed on December 6, 2023.  See id.

## II.  DISCUSSION

In the unopposed motion to dismiss, Respondent argues that this action must be dismissed because: (1) Petitioner continues to fail to satisfy the in-custody requirement; and (2) fails to state a cognizable federal claim.  See ECF No. 9.  Respondent narrowly argues that Petitioner's challenge to his 1992 sentence, by reason of enhancement by an allegedly unconstitutional conviction, is barred by the Supreme Court's decision in Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001).  For the reasons discussed below, the Court agrees.

In Lackawanna County, the Supreme Court held that habeas relief is unavailable for state prisoners to challenge past convictions on the grounds that prior convictions were used to enhance a current sentence.  See Lackawanna, 532 U.S. at 396.  This is due "to the need for finality of convictions and ease of administration."  Id. at 402.  Once a state court conviction is no longer open to direct or collateral attack, it can be considered "conclusively valid" and "the defendant may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."  Id.

The Court agrees with Respondent that the Lackawanna County principle applies in this case.  It is clear from his petition that Petitioner is challenging his previously expired 1992 sentence resulting from his 1992 conviction.  See ECF No. 1.  As factual support for his habeas challenge, Petitioner argues a conviction from 1989 was unconstitutional and therefore incorrectly used to enhance his 1992 sentence.  See id.  Like Lackawanna County, Petitioner's currently challenged 1992 sentence has expired for purposes of direct or collateral attack, as he is no longer serving this sentence.  Accordingly, Petitioner cannot turn to habeas relief to challenge this 1992 conviction on the ground that it was enhanced by a prior allegedly unconstitutional conviction.  Because this Court finds that Petitioner cannot state a cognizable claim, the Court

need not address Respondent's argument that the "in-custody" requirement is not satisfied and recommend dismissal of this petition for failure to state a cognizable claim.

### III.  CONCLUSION

Based on the foregoing, the undersigned hereby orders and recommends as follows:

1. It is RECOMMENDED that Respondent's unopposed motion to dismiss, ECF No. 9, be granted for failure to state a cognizable claim.

2. It is ORDERED that Petitioner's motion for bail, ECF No. 11, is DENIED as moot and without prejudice to renewal should these findings and recommendations not be adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 14, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE