1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CECIL JEROME HATCHETT,                         No.  2:23-cv-02845-DAD-DMC (HC)

12                        Petitioner,

13          v.                                        ORDER ADOPTING FINDINGS AND
                                                      RECOMMENDATIONS AND GRANTING
14    KEN CLARK,                                      RESPONDENT'S UNOPPOSED MOTION TO
                                                      DISMISS HABEAS PETITION
15                        Respondent.
                                                      (Doc. Nos. 9, 12)
16

17          Petitioner Cecil Jerome Hatchett proceeds *pro se* and *in forma pauperis* with a petition for

18    a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States

19    Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On May 14, 2024, the assigned magistrate judge issued findings and recommendations

21    recommending that respondent's unopposed motion to dismiss (Doc. No. 9) be granted and this

22    action be dismissed because:  "(1) [p]etitioner continues[1] to fail to satisfy the in-custody

23    requirement; and (2) fails to state a cognizable federal claim." (Doc. No. 12 at 2.)  Those findings

24    and recommendations were served on all parties and contained notice that any objections thereto

25    were to be filed within fourteen (14) days from the date of service.  (*Id*. at 3.)  Petitioner filed five

26

27    _____
      [1]  The pending findings and recommendations note that petitioner has filed previous federal
      habeas actions challenging his 1992 conviction in state court, and those petitions were likewise
28    "dismissed by the court because petitioner was not 'in custody.'"  (Doc. No. 12 at 1–2.)

                                                    1

1    separate "objections" to the pending findings and recommendations on May 16, 20, 22, 24, and

2    28, 2024.  (Doc. Nos. 13–17.)  Respondent did not file a response thereto or objections of his

3    own.

4          Petitioner's several filings of "objections" are difficult to decipher and do not

5    meaningfully address the pending findings and recommendations.  Nor does petitioner address

6    that he has previously sought habeas relief in this court and his petitions have been dismissed for

7    the same reasons explained in the pending findings and recommendations.  Petitioner's objections

8    simply provide no basis upon which to reject the pending findings and recommendations.

9          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

10   *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's

11   objections, the court concludes that the pending findings and recommendations are supported by

12   the record and proper analysis.

13         Having concluded that the pending petition must be dismissed, the court also declines to

14   issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute

15   right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v.*

16   *Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the court may

17   only issue a certificate of appealability when a petitioner makes a substantial showing of the

18   denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas

19   relief on procedural grounds without reaching the underlying constitutional claims, the court

20   should issue a certificate of appealability "if jurists of reason would find it debatable whether the

21   petition states a valid claim of the denial of a constitutional right and that jurists of reason would

22   find it debatable whether the district court was correct in its procedural ruling."  *Slack v.*

23   *McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists

24   would not find the court's determination that the pending petition must be dismissed to be

25   debatable or wrong.  Thus, the court declines to issue a certificate of appealability.

26         Accordingly,

27         1.      The findings and recommendations issued on May 14, 2024 (Doc. No. 12) are

28                 adopted in full;

2

1   2.   Respondent's motion to dismiss the petition for writ of habeas corpus (Doc. No. 9)

2        is granted;

3   3.   This action is dismissed due to respondent's failure to state a cognizable claim for

4        federal habeas relief;

5   4.   The court declines to issue a certificate of appealability; and

6   5.   The Clerk of the Court is directed to close this case.

7   IT IS SO ORDERED.

8   Dated:   **July 11, 2024**

9                                    DALE A. DROZD
                                     UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28